STEPHENS
*vs.*
WILSON, &c.

Case 18.

Stephens *vs.* Wilson, &c.

MOTION TO QUASH EXECUTION FROM COURT OF APPEALS.

1. After the expiration of the term at which a judgment for costs has been rendered in the court of appeals, the court has no power to quash an execution for costs issued upon that judgment against one, who was in fact a party to the writ of error, and served with process, however erroneously he may have been made a party.

June 28.

Judge MARSHALL delivered the opinion of the court.

This is a motion to quash an execution for costs which issued from this court, and the replevy bond taken upon the execution.

The motion is made, professedly, upon the face of the record, and upon the ground that the execution issued against two persons who had ceased to be parties, (lessors of the plaintiff,) in the original action in the circuit court, before the judgment therein was rendered; that they ought not, therefore, to have been made parties in this court, and ought not to have been included in the judgment for costs. But they were in fact made parties here. Stephens, who is principal in the replevy bond, was in fact served with the summons which issued from this court on the writ of error. He was, therefore, included in the judgment for costs as much as any other defendant in error; and it is too late, after the expiration of the term at which this judgment was rendered, to call upon this court to go back into the record of the original suit to see if he was properly made a party in this court. In fact, this court has no power to amend its judgments after the term, unless there be something in its record to amend by. And where the parties are made by writ of error and summons, it can no more look into the original record, for the purpose of amending its judgment as to parties, by seeing who ought to have been parties, than it can amend its judgment of affirmance or reversal by looking into the original record for the merits of the case. Upon the records of this

*After the expiration of the term at which a judgment for costs has been rendered in the court of appeals, the court has no power to quash an execution for costs issued upon that judgment against one who was in fact a party to the writ of error and served with process, however erroneously he may have been made a party.*

court, Stephens was a party defendant to the writ of error; if improperly made so, he had an opportunity of correcting the error before judgment, or he might, by calling the attention of the court to his attitude in the case, have obtained in the judgment itself, at any time during the term at which it was rendered, a discrimination which would have exempted him from the general costs. It is too late at a succeeding term.

Wherefore, the motion is overruled.

WINTERSMITH for plaintiff; LINDSEY for defendant.